IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY DEAN, IVORY WADDELL, JESSICA WADDELL, by her parents TERRY DEAN and IVORY WADDELL, YARELLY WADDELL, by her parents TERRY DEAN and IVORY WADDELL, BREANNA WADDELL, by her parents TERRY DEAN and IVORY WADDELL, Louis Waddell, by her parents TERRY DEAN and IVORY WADDELL, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD M. BEHREND, ANGELO J. MONACO, SALVATORE REINA, VINCENT FICO, JOHN J. MURPHY, ANTONIO P. ONTIVEROS, SCOTT M. SLECHTER, PAUL L. TASCH, JR., and the CITY OF CHICAGO, <br><br> Defendants. | No. 07-C-4383 <br><br> HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Terry Dean and Ivory Waddell ("adult Plaintiffs"), along with their children Jessica Waddell, Yarelly Waddell, Breanna Waddell, and Louis Waddell ("minor Plaintiffs") (collectively "Plaintiffs"), brought this action against Defendants Chad M. Behrend, Angelo J. Monaco, Salvatore Reina, Vincent Fico, John J. Murphy, Antonio P. Ontiveros, Scott M. Slechter, Paul L. Tasch, Jr. (collectively "officer Defendants"), and the City of Chicago, for civil rights violations pursuant to 42 U.S.C. § 1983. Now before this Court is Defendants' motion to dismiss (Docket No. 9). For the reasons stated below, the motion is GRANTED in part and DENIED in part.

1. **FACTS**[1]

On or about January 22, 2005, at approximately 11:25 AM, defendant police officers entered Plaintiffs' home at 3219 W. Warren, Chicago, Illinois. Defendants Behrend, Monaco, Reina, Fico, Murphy, Ontiveros, Slechter, and Tasch did not have a warrant to search the home and they declared that they did not need one. They stated that they were looking for any guns or drugs the family might have. Defendant police officers did not have Plaintiffs' consent to search the home. All Plaintiffs were home at the time of the police raid. The officer Defendants searched through the Plaintiffs' personal effects and left the home in disarray.

Plaintiffs were detained during the search, with the minor Plaintiffs separated from their parents and kept in a separate room. Officer Defendants threatened Plaintiffs with arrest and said that they would take the children away. The police officers seized guns from Plaintiffs' home during their search.

Defendant Dean would eventually be brought up on criminal charges for failure to have an identification card for the firearm and several counts of failure to register a firearm. Dean was arrested, processed, and charged with said crimes, and was ultimately incarcerated. During the arrest and detention, statements were obtained from Dean which were later used against him in criminal proceedings. Defendant police officers did not read Plaintiff Dean his Miranda rights. Plaintiff Ivory Waddell had a valid Firearms Owner's Identification card. All gun charges against Plaintiff Dean were stricken with leave to reinstate.

---

[1] These facts are largely derived from the Plaintiff's complaint and, for the purposes of this motion, are assumed to be true with all reasonable inferences made in favor of the Plaintiff. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). However, as needed they have been supplemented by uncontested factual assertions made in open court or elsewhere in the record.

Plaintiffs filed the complaint in this matter on August 3, 2007. They are seeking compensation for violations of their civil rights, and payment for attorneys' fees. Specifically, as is relevant to the motion now being considered, Count I alleges an illegal search without warrant or probable cause, Count II illegal seizure, Count III false arrest, and Count IV violation of the right against self-incrimination.

**2.    STANDARD OF REVIEW FOR MOTION TO DISMISS**

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. Plaintiff. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed unless it either fails to provide adequate notice -- as has been consistently required under Fed. R. Civ. P. 8 -- or doesn't contain "enough facts to state a claim to relief that is plausible on its face," that is, "nudged...across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In other words, the 12(b)(6) standard establishes two "easy-to-clear hurdles" for a valid complaint; (1) whether it contains enough detail to provide the defendant with "fair notice of what the...claim is and the grounds upon which it rests"; and (2) whether its allegations "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974).

As an initial matter, Defendants' statute of limitations argument is an affirmative defense. *Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007). Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss, an exception occurs where ... the

allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005) (internal citation omitted). It is therefore "irregular" to dismiss a claim as untimely under Rule 12(b)(6). *See Hollander v. Brown*, 457 F.3d 688, 691 n.l (7th Cir. 2006) (citing *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). However, dismissal is nonetheless proper where the complaint plainly reveals that an action is untimely under the governing statute of limitations. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). In such cases, the validity of the defense must be "apparent from the complaint itself" and "unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

**3.    ANALYSIS**

Defendants seek to dismiss Counts I, II, III and IV with respect to all adult Plaintiffs. They argue that the action was brought after the relevant two-year statute of limitations had already expired. *See* 735 ILCS §5/13-202; *Owens v. Okure*, 485 U.S. 235, 249-50 (1989) (state law determines applicable statute of limitations). Therefore, for each of the four contested counts, this Court must determine whether or not Plaintiffs knew or should have known of their legal claim more than two years before the case was filed on August 3, 2007. Determining this requires a two-party inquiry: "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir.2004) (citations omitted); *Kelly v. City of Chicago*, 4 F.3d 509, 510 (7th Cir. 1993) (applying federal law to section 1983 claim accrual).

There is little doubt that the primary events in question took place on the night of January 22, 2005, more than two years prior to the case's filing. Therefore, Plaintiffs must either show that the arrest itself could not have triggered this suit, or provide some other basis for finding that their claim accrued at a later date.

      a.      <u>Counts I, II and III: Illegal Search, Illegal Seizure, and False Arrest</u>

The first three counts are predicated on the officer Defendants' failure to produce a warrant or probable cause with which to enter and search Defendants' residence, or a basis for placing any of the Defendants under arrest. On initial consideration, there was no valid justification for the police action at the time it took place; taking the facts as stated in the complaint, there was no warrant or probable cause provided, and Plaintiffs were seemingly innocent of illegal activity. Therefore, the fact that the police nonetheless entered and searched their home, detaining its occupants, was illegitimate and injurious. Under section 1983 law, the claim began to accrue on that day. *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 595 (7th Cir. 2001) (finding that with respect to a section 1983 claim, "[n]ormally, the statute begins to run from the date of an injury"); *see also Wallace v. Kato*, ---U.S. ----, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007) (finding that, while the applicable statute of limitations and tolling provisions are determined according to state law, the accrual date of a cause of action under section 1983 is determined by Federal law). With nothing more, this places the three counts in question outside the applicable statute of limitations.

Plaintiffs maintain that, under the discovery rule, it was not the search and arrest of January 22 that created a basis for their potential lawsuit, but rather the later revelation that the police department had produced a false consent-to-search form. As a general matter, a cause of

action for a civil rights violation under section 1983 accrues when the plaintiff suffers the injury. *Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001). However, Plaintiffs correctly summarize the exception provided by the discovery rule, the effect of which "is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir.2006) (quoting *Golla v. General Motors Corp.*, 167 Ill.2d 353 (1995)); *see also Bontkowski v. Smith*, 305 F.3d 257, 762 (7th Cir.2002) (when federal court borrows state statute of limitations, it also borrows state tolling doctrine).

However, this Court sees no basis for finding that Plaintiffs were not aware of a "complete and present cause of action" as of January 22, 2005. *See Wallace v. Kato*, ---U.S. ----, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). Plaintiffs themselves make this clear by failing to mention the consent form in their complaint; after summarizing the events of January 22, 2005, and without any mention of the allegedly fraudulent form, Plaintiffs state that "[b]y reason of the above described acts and omissions of defendants, plaintiffs suffered damage to property and loss of property. The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages. By reason of the above-described acts and omissions of defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights." (Compl. at 5.) The injury from which this lawsuit arises, by any reasonable interpretation of either the nature of the

malfeasance or the language of the complaint, was that the arrest was unwarranted, not that the officer Defendants were fraudulent in attempting to make it appear warranted.

The lack of any valid justification at the time of the search triggered this case, not the fraudulent nature of formal justifications that might have been given within the police department. For this reason, Plaintiffs' were aware or should have been aware of their potential claim as of the police actions on January 22, 2005. *See Nesbitt v. City of Champaign*, 34 Fed.Appx. 226 (7th Cir. 2002) ("[T]he cause of action in Fourth Amendment claims necessarily accrues at the time of the unlawful search or seizure") (quotations omitted) (citing *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) with respect to search and seizure claims, and *Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2001) with respect to wrongful arrest and detention claims). Other courts have denied application of the discovery rule in similar circumstances. "The discovery rule simply has no applicability to false arrest claims. This makes perfect sense, because...[i]n cases of false arrest, the plaintiff will be aware both of his injury, i.e., the wrongful arrest, and those responsible for that injury, i.e., the police, at the time of arrest, therefore no delay in the accrual of the cause of action is necessary." *Johnson v. Guevara*, 2007 WL 2608525, at *2 (N.D. Ill. Sept. 5, 2007) (quoting *Rolax v. Whitman*, 175 F.Supp.2d 720, 727 (D.N.J. 2001)).

This is not to say that Plaintiffs were required to foresee the defense Defendants now raise, as that is clearly not the case. *See Hollander*, 457 F.3d at 691 n.l (stating that "[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations" and that "[a]s a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations

defense"). However, it is nonetheless possible for a plaintiff's complaint to make the statute of limitations defense sufficiently clear as to warrant dismissal. *See Khalil v. Town of Cicero*, 1989 WL 122414, at *1 (N.D. Ill. Oct. 2, 1989) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067 (11th Cir.1984)). This is just such a case. There was additional reason to be alarmed upon discovering the allegedly fraudulent consent form, but this had no conceivable impact on the existence of a cause of action on January 22, 2005. *See Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 686 (7th Cir. 2004) ("[T]he discovery rule does not suspend the accrual of a claim until the plaintiff experiences the entirety of consequences resulting from an injury, but only until the plaintiff has knowledge of an allegedly unlawful action."). Plaintiffs' statements made for the first time in response to this 12(b)(6) motion, unsupported by sworn affidavits, are insufficient to undermine the clarity of this defense.

Plaintiffs also respond to Defendants' motion to dismiss by citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and related cases. According to Plaintiffs, *Heck* precluded this civil case from being brought until after the criminal case against Plaintiff Dean concluded and that, as a result, the statute of limitations for these civil claims should have been tolled. (*See* Resp. to Dismiss Mot. at 5-7.) Plaintiffs misinterpret *Heck*. It is true that the Supreme Court held in that case that "a damages claim that necessarily demonstrates the invalidity of a conviction may not be brought while the conviction stands." *Gonzalez*, 133 F.3d at 553 (summarizing and quoting *Heck*, 512 U.S. at 481-82). However, the Court in *Heck* also stated that claims brought under the Fourth Amendment are largely unaffected by the ruling: as interpreted by the Seventh Circuit, *Heck* "makes two points: (i) a claim based on an unlawful search or arrest may be brought immediately, because a violation of the fourth amendment does

not necessarily impugn the validity of a conviction--the evidence may be properly admitted anyway, or it may be excluded and the defendant convicted on other evidence--and (ii) a claim of damages based on 'the 'injury' of being convicted' is impermissible until the conviction has been overturned." *Id.* (citing *Heck*, 512 U.S. at 487 n. 7).

The Supreme Court directly rejected the expansion of *Heck* to delay accrual of Fourth Amendment claims in light of potential criminal cases. *See Wallace*, 127 S.Ct. at 1100 ("We hold that the statute of limitations upon a section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). The Seventh Circuit considered this possibility as well, and found that the rationale for delay found in *Heck* is not applicable to Fourth Amendment cases such as this one. *Nesbitt v. City of Champaign*, 34 Fed.Appx. 226 (7th Cir. 2002) ("Fourth Amendment claims may be brought at the time of the violation because a Fourth Amendment violation does not necessarily undermine a conviction. Therefore, the cause of action in Fourth Amendment claims necessarily accrues at the time of the unlawful search or seizure."). In the instant case, Plaintiffs' Fourth Amendment injuries in Counts I, II, III are premised not on a conviction – potential or otherwise – but rather on the officer Defendants' behavior at the time of the search, seizure, and arrest. The results of subsequent criminal proceedings are not necessarily determined by the legitimacy of these actions, and therefore accrual of these claims is not to be deferred under *Heck*. *See generally Gonzalez,* 133 F.3d at 554-55 (discussing Fourth Amendment harms as distinct from any prosecution that might arise therefrom).

Defendants' motion to dismiss on statute of limitations grounds is therefore GRANTED with respect to Counts I and II, insofar as they are brought by adult Plaintiffs Dean and Waddell. Dismissal is also GRANTED with respect to Count III as brought by Plaintiff Waddell, for whom criminal proceedings were not initiated, and whose claim for false arrest therefore accrued on January 22, 2005. The motion is DENIED with respect to Defendants' motion to dismiss Count III brought by Plaintiff Dean, in light of the fact that the Complaint does not include sufficient information for determining the date on which Plaintiff Dean was "detained pursuant to legal process." *See Wallace*, 127 S.Ct. at 1100 ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.") (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 11, p. 54, § 119, pp. 885-886 (5th ed.1984)).

  b. <u>Count IV: Violation of the Right against Self-Incrimination</u>

Defendants maintain that the self-incrimination claim of Count IV should be dismissed because it is either untimely, if it accrued on January 22, or it is subsumed into the more expansive due process claim of Count VI. To the extent that the claim may be untimely, at this stage there is insufficient information to determine whether Plaintiff could prove a set of facts in support of timeliness; the self-incrimination right accrues whenever the statement involved was included in a criminal proceeding, and it is unclear at this point the manner and timing of the statement's use in the case brought against Plaintiff Dean. *See Walker v. Thompson*, 288 F.3d

1005, 1009 (7th Cir. 2002) (finding dismissal for an affirmative defense warranted where its existence is "plain from the face of the complaint").

Defendants' alternative argument, that Count IV is duplicative of Count VI, is similarly unavailing. Plaintiffs have the right to avoid self-incrimination, but they also have a distinct right to due process that includes protection against the improper use of evidence. *See Chavez v. Martinez,* 538 U.S. 760, 772, 123 S.Ct. 1994, 2004 (2003) (distinguishing the self-incrimination clause of the Fifth Amendment from the due process right to avoid improper use of evidence found in the Fourteenth Amendment); *see also Ouska v. Cahill-Masching*, 246 F.3d 1036, 1048 n. 10 (7th Cir. 2001) (drawing distinction between use of a defendant's silence before Miranda warnings were given, which violated privilege against self-incrimination, and use of post-Miranda silence, which violated due process); *see also U.S. v. Olvera*, 30 F.3d 1195, 1197 n. 1 (9th Cir. 1994) (referring to self-incrimination and due process as distinct claims). The fact that the self-incrimination claim only accrues when criminal proceedings are undertaken does not mean that it is duplicative of due process concerns arising from those proceedings. Instead, at this early stage it is sufficient that these two counts of Plaintiffs' complaint are derived from distinct causes of action. Whether these can be supported as distinct claims against these Defendants is another question, one which is to be answered based upon a more expansive record.

Defendants' motion to dismiss Count IV is DENIED.

c. Motion for a more definite statement of Counts V, VI, and VII

Defendants also maintain that the remaining counts are insufficiently clear, and therefore have moved for a more definite statement pursuant to the federal rules. Defendants are considering statute of limitations defenses against the remaining Counts, but maintain that they cannot know whether the defense is appropriate with respect to Plaintiff Dean's criminal prosecution because "the complaint fails to allege any information as to when the prosecution was terminated, or when plaintiff Terry Dean's purportedly unlawful confinement underlying Count V ended." (Dismiss Mot. at 3.)

According to Fed.R.Civ.P. 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) "is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." J. Moore, A. Vestal, & P. Kurland, Moore's Manual: Federal Practice and Procedure, Sec. 11.07[1] at 11-68 (1997). Rule 8 in turn requires only a short and plain statement of the claim, rather than a summary of all relevant facts or legal theories. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-24 (7th Cir. 2007). A motion for more definite statement should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." *Edw. C. Levy Co., Inc. v. Int'l Union of Operating Eng'rs*, 2007 WL 3046448, at *3 (N.D. Ind. Oct. 16, 2007) (citing Fed.R.Civ.P. advisory committee note).

According to past decisions, a claim was sufficiently definite in this Circuit if it "alert[ed] the defendant to the nature of the grievance to enable the defendants to know what is charged." *Vincent*, 485 F.3d at 924. In light of the Supreme Court's opinion in *Twombly*, 127 S.Ct. at 1974, and its rejection of the controlling language of *Conley v. Gibson*, 355 U.S. 41, 45-45 (1957), it is tempting to require Plaintiffs to provide sufficient factual allegations on which a dispositive affirmative defense could be based. However, this Court need not question the conventional wisdom that a complaint need not foresee an affirmative defense. *See Hollander*, 457 F.3d at 691 n.l. In this instance, even if the motion for a more definite statement were granted and additional dates related to Dean's criminal proceedings were provided, a "plausible" claim would likely survive the *Twombly* standard; whatever the date on which "[a]ll gun charges against plaintiff Dean were stricken from the docket with leave to reinstate and remained pending until such time as the State was precluded from seeking reinstatement of the charges or were nonsuited," (Compl. ¶ 19), Plaintiffs would argue that the criminal proceedings did not end at that time (Resp. to Dismiss Mot. at 8.) Therefore, whatever additional dates this Court demanded Plaintiffs amend to their Complaint, and taking all inferences in favor of the Plaintiffs, they could still plausibly defeat the statute of limitations challenge.

Regardless of whether or not Defendants' affirmative defense is stymied by a lack of specificity in the pleadings, it is sufficient for present purposes that Defendants have been given some idea of the relevant dates involved, i.e., criminal proceedings took place between January 22, 2005, and the filing date of August 3, 2007. *See Storey v. Illinois State Police*, 2006 WL 278168, at *2-3 (S.D. Ill. Feb. 2, 2006) (denying motion for more definite statement despite wide range of possible dates for the underlying action and some chance of a successful statute of

limitations defense). Dismissal is therefore not warranted without additional factual development. *See Wooden v. Barone*, 2007 WL 2481170, at *9 (S.D. Ill. Aug. 29, 2007) (citing the "the general rule that factual development of claims and defenses in federal court should take place in discovery").

Defendants' motion for a more definite statement is DENIED.

## CONCLUSION

Plaintiffs' failure to meet the two-year statute of limitations for section 1983 claims means that the claims found in Counts I and II are untimely and dismissal must be GRANTED. Dismissal of Count III is GRANTED with respect to Waddell and DENIED with respect to Dean. The self-incrimination claim of Count IV cannot be considered duplicative or untimely at this stage and this motion to dismiss is therefore DENIED. Defendants' motion for a more definite statement is DENIED.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **December 19, 2007**